Per Curiam.
This is an action to recover for the use of a mare by defendant’s intestate. The value of such use is not in dispute, nor is it disputed that the plaintiff owned the mare, and that defendant’s intestate used her. The referee decided in favor of the defendant upon the ground. *465 that the plaintiff, previously to the time of such use, had leased the mare to one, Alland, and that the lease was still in force; that therefore, the compensation for the use of the mare was owing to Alland, and not to the plaintiff.
The referee’s law was quite correct. But we think that he was in error as to the facts. It is true that plaintiff had let to Alland a farm with this mare and other stock. But it is plain that the arrangement by which the defendant’s intestate had the use of the mare, was made between him and the plaintiff with the consent of Alland. That is, Al-land, for the time, gave up his right to the possession and use of the mare and consented that the plaintiff should let defendant’s intestate use her.
If then, any compensation was to be paid, it was to be paid to plaintiff, not to Alland.
We are not certain that Alland would have had a right to allow the defendant’s intestate to use the mare by virtue of his lease. But he was willing to surrender for a time his right to her possession, and to permit plaintiff, at his own risk, to allow defendant’s intestate to use the mare. Such we think is the evident meaning of the undisputed testimony.
The judgment is reversed, referee discharged; new trial granted, costs to abide final order of court in that respect.
Landon, P. J., and Ingalls, J., concur.